■ In the Matter of ANTHONY ROBERT et al., Respondents, v TOWN OF AMENIA et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to connect water distribution service to the petitioners' property, the appeal is from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated February 28, 1985, as directed the appellants (1) to obtain easements across two parcels of property separating the petitioners' property from the nearest water main, and (2) to credit towards the cost of installing a lateral supply line those assessments previously paid by the petitioners as residents of the water district.

Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and proceeding dismissed on the merits.

The petitioners' home is located on a subdivided lot, which, although contained within the boundaries of the respondent Town of Amenia Water District, fronts a street, Prospect Avenue, that is not served by the district water mains. The nearest main is located some 250 feet away at John L. Lane, a street that runs perpendicular to Prospect Avenue and which is separated from the petitioners' lot by two parcels of private property. The petitioners presently obtain water from a well on their property.

In July 1984 the petitioners tendered to the water district the water service hook-up fee and requested that their home be connected to the water distribution system. Their check was refused, and the petitioners thereafter commenced this proceeding, ultimately obtaining a judgment which directed the town to condemn easements in their favor across two privately owned parcels and to credit the petitioners with whatever ad valorem taxes they have paid to the water district in the prior years. We reverse insofar as appealed from.

For the petitioners to be connected to the water system would require the construction of a lateral water line to their property from the main at John L. Lane, either along Prospect Avenue or through the two parcels of private property. The petitioners are unwilling to pay the cost of constructing the water line except within the bounds of their own property. Town Law § 199 sets forth the specific procedures to be

followed whenever the construction of a town-financed lateral water main is proposed. The record contains no evidence that the petitioners attempted to initiate these procedures. The court erred in making the directions it did. Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.